## SKIRO et al. v. LUTHE et al.

### No. 3483.

Court of Civil Appeals of Texas. El Paso.

March 11, 1937.

W. E. Brock, of Houston, for appellants.

R. Murray Hayes, of Alvin, for appellees.

WALTHALL, Justice.

On September 7, 1934, Rosa Shull, a feme sole, as plaintiff, by her attorney in fact, Florence Skiro, filed suit in the district court of Harris county, Tex., against O. Luthe, Mrs. Annie Luthe, and her husband, E. L. Luthe, in which she alleged, in substance, title in herself to two tracts of lands in Harris county, fully described in the petition; that on February 16, 1933, plaintiff executed to O. Luthe a written instrument authorizing him to manage, care for, and collect the rents of said property; that on May 24, 1934, plaintiff in writing revoked the authority given O. Luthe to manage, care for, and collect her rents on said property, and thereafter executed a power of attorney to Florence Skiro to manage and care for her said property; that on May 8, 1934, O. Luthe, acting under the said authority given him, executed to defendant Mrs. Annie Luthe a general warranty deed to said property for a recited consideration of $10; that the said sale of her said property was a fraud of such nature as to void said sale. Plaintiff prayed that said sale be canceled and that she be reinvested with title and she have judgment for her rents.

Defendants answered by general denial, and further, substantially, as follows: Admit that plaintiff acquired deeds to the said property, but allege that plaintiff was not the real owner of said property, but

that O. Luthe was the purchaser of said lands; that the deeds to plaintiff, though unconditional on their face, were conveyances in trust for the use and benefit of O. Luthe's wife, and not for plaintiff; that defendants O. Luthe and E. L. Luthe paid the full purchase price of $6,500 for said land, with the knowledge and consent of plaintiff; defendants pleaded a power of attorney from plaintiff to O. Luthe of date March 25, 1933; that defendants had no knowledge of any revocation of the power of attorney other than as contained in plaintiff's petition and deny that plaintiff executed such revocation of her own volition, and further allege that said power of attorney was coupled with an interest the particulars of which were well known to plaintiff, and that said power of attorney was not subject to revocation at any time. Defendants allege the death of Mrs. O. Luthe in March, 1934; the plaintiff was the sister of Mrs. O. Luthe, and had made her home with her sister for twenty-eight years prior thereto; that immediately after the death of Mrs. O. Luthe, and during the temporary absence of O. Luthe, and without the knowledge or consent of O. Luthe, Florence Skiro, the alleged attorney in fact of plaintiff, forcibly abducted plaintiff from defendant's home and transported her out of the state and forcibly detains her in the state of Ohio, and, in the absence of plaintiff, brought this suit; defendants admit the conveyance by O. Luthe to Mrs. Annie Luthe, wife of defendant E. L. Luthe, son of O. Luthe, and allege that said conveyance was made for a good and valuable consideration, being the said money theretofore paid by E. L. Luthe for the purchase of said properties, and that plaintiff would readily have consented to said conveyance had she been present and been permitted to exercise her own will; defendants deny that plaintiff Rosa Shull, of her own will, executed to Florence Skiro the power of attorney alleged in the petition. Defendants pray that plaintiff take nothing by her suit, and that the title to said property be confirmed and quieted in defendant Annie Luthe.

The case was tried without a jury. The judgment rendered on January 28, 1935, recites that plaintiff appeared by her attorney in fact; that the evidence was heard at length by the court; that from the evidence adduced the court finds that the weight of the evidence is against plaintiff and in favor of defendants, and entered judgment in favor of Annie Luthe as to title to the property involved.

The record does not show that an appeal was prosecuted from that judgment.

The suit we now have before us was brought by Florence Skiro, joined by her husband, Joe Skiro, as plaintiffs, to the July term, 1935, of the district court of Harris county, Tex. Plaintiffs sue as defendants O. Luthe, E. L. Luthe and wife, Annie Luthe.

Plaintiffs allege, in substance, that plaintiff, Florence Skiro, is the daughter of defendant O. Luthe and sister of defendant E. L. Luthe and sister-in-law of defendant Annie Luthe; that plaintiff, Florence Skiro, and defendants are joint owners in fee-simple title to two tracts of land in Harris county, describing same (the same two tracts of land involved in the former suit); that said land was purchased during the lifetime of their mother (Mrs. O. Luthe); that at the time of the purchase the title to the land was put in the name of Rosa Shull, a sister of her mother; that Rosa Shull agreed to and held the title to said land for the use and benefit of and in trust for her mother; that Rosa Shull executed a power of attorney, entered of record, to defendant O. Luthe; that on the death of plaintiff's mother her father, O. Luthe, conveyed the land to the defendants E. L. Luthe and Annie Luthe in fraud of plaintiff and in denial of her interest in the land; that E. L. Luthe and Annie Luthe paid no consideration for the land, but the conveyance was for the purpose of defeating plaintiff of interest in the land, which interest plaintiff alleges is a one-fourth interest; that the purchase of the land having been made during the life of her mother was community property of the estate of her mother, and that on the death of her mother O. Luthe owned a one-half interest, and her brother E. L. Luthe and plaintiff each owned one-fourth interest; that the estimated value of the land was $10,000.

Plaintiff prayed for partition of the property, for judgment awarding to her her interest in the property, and for general relief.

Defendants pleaded the former suit and the judgment outlined in the above preliminary statement, pleaded general and special denials, and prayed that plaintiffs take nothing by their suit.

The case was tried without a jury. The judgment recites that defendants having made and filed their plea res adjudicata in the former suit, and judgment rendered therein in bar of the cause on trial, the court sustained defendant's plea and entered judgment that plaintiffs take nothing by their suit.

From that judgment, plaintiffs prosecute this appeal. .

### Opinion.

The only evidence found in the statement of facts are copies of the petition and answer in the former suit briefly noted in the preliminary statement above.

The suit by Rosa Shull, brought by her attorney in fact, as outlined above in the preliminary statement, was against defendants in this suit to set aside and cancel the deed executed by defendant O. Luthe to Annie Luthe, and to reinvest the title to said property in Rosa Shull. The instant suit is brought by appellant, Florence Skiro, for partition of the lands involved in both suits.

The issues tendered in the first suit by plaintiff and defendants, as we view them, disclose that the lands involved in the suit were owned by Mrs. O. Luthe and her husband, at the time of the death of Mrs. O. Luthe; that for some undisclosed reason the title to the lands was put in Mrs. O. Luthe as trustee for all parties having interest in said lands.

The uncontroverted fact, as pleaded by plaintiff and defendants in the first suit, shows that Florence Skiro is the daughter of Mr. and Mrs. O. Luthe. The issues involved and the result of the first suit merely put the title to lands in O. Luthe. He then held the title as did Rosa Shull in trust for all parties at interest. The deed from O. Luthe to Annie Luthe conveyed such interest as the grantor had, and as to Florence Skiro and E. L. Luthe, Annie Luthe holds in trust for them. The real question at issue as to the interest of Florence Skiro and the defendants was not litigated in either suit. If the lands involved were community property of O. Luthe and his wife at her death; and if the wife died intestate as to the property, Florence Skiro would have an interest in the property. Her interest would depend upon the interest her mother had in the property at her death, and whether she died intestate, facts to be alleged and

proved. The deed from O. Luthe to Annie Luthe did not convey Florence Skiro's interest, if the property was community property, and if Mrs. O. Luthe died intestate.

We have concluded that the court was in error in sustaining defendants' plea in bar of plaintiff's cause of action. The case is reversed and remanded.